LIZARRIBAR *v.* ROSSY, DISTRICT JUDGE.

APPLICATION for Writ of *Certorari.*

No. 93.—Decided June 8, 1912.

CERTIORARI—STATEMENT OF THE CASE—AMENDMENTS.—The writ of *certiorari* is not the proper remedy to obtain the setting aside of amendments allowed by a district court to a statement of the case, for if the judge committed any error in allowing said amendments the remedy to correct said error is provided for by sections 218 and 219 of the Code of Civil Procedure and by rule 64 of this court which, although they refer to cases where the settlement of a bill of exceptions or a statement of the case is refused, they are applicable by analogy to the case at bar without prejudice to any other remedy which the law may allow.

The facts are stated in the opinion.

*Mr. Enrique Rincón* for petitioner.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action brought in the District Court of San Juan, Section 2, by Simón Lizarribar against Benigno Luiña *et al.* for the recovery of a certain sum of money and a liquidation of accounts, the plaintiff and appellant filed a statement of the case and the same was set down for argument for April 13 last, and on that day the defendants filed some amendments which were argued, one of which was withdrawn by the said defendants and the others were insisted upon by them, the plaintiff opposing them. The plaintiff alleged that the record did not contain a faithful transcription of the testimony of his witnesses, Simón Lizarribar and José Pousa Parés, in

some particulars, and requested the court to set a day and an hour for correcting the errors made by the stenographer, for which purpose said witnesses would appear and answer under oath with reference to said errors, which were the foundation of the amendments proposed by the defendants and were of such a character that if they should be left uncorrected the cause of action of the plaintiff would be affected thereby.

The court, by decision of April 16, sustained the amendments made by the defendants and requested the plaintiff to rewrite the statement of the case.

In the said month of April the plaintiff filed a sworn petition for a rehearing of the order sustaining the amendments, and requested the court to set a day for the appearance of the witnesses, Simón Lizarribar and Pousa Parés, in order that they might testify under oath if the statements in their respective testimony referred to in the amendments were made by them as they appear in the statement of the case or in the stenographic record, which transcript should be amended in accordance with the true facts.

The court, by order of May 15 last, denied said motion and the amendments to correct errors in the record on the ground that there was no law authorizing the correction of an erroneous stenographic record, and that this would cause serious complications in the proceedings.

The foregoing facts have been alleged and sworn to by the attorney for Simón Lizarribar in his petition for a writ of *certiorari* filed in this court on the 27th of said month, to review the record to be brought from the District Court of San Juan and to set aside the orders of April 16 and May 15 above referred to, and to compel the judge of said district court to set a day for the appearance of the witnesses, Simón Lizarribar and José Pousa Parés, in order that they may testify under oath as to whether the statements contained in their testimony as they appear in the stenographic record were stated by them in the same manner as they appear

therein, or whether the statements contained in the statement of the case prepared by the plaintiff is the true version of their testimony.

We are of the opinion that the writ of *certiorari* to obtain the remedy sought by the petitioner does not lie, because no error of procedure committed by nor want of jurisdiction in the court below is alleged as a ground therefor.

The only object of the petitioner is to set aside the amendments allowed by said court to the statement of the case presented by him for approval, and in order to show the lack of foundation of said amendments and to correct the stenographic record he offered to the court the testimony under oath of the witnesses, Lizarribar and Pousa Parés, which the court refused.

If the judge committed any error in allowing said amendments, whatever his grounds may be, the remedy to correct said error is provided for by sections 218 and 219 of the Code of Civil Procedure and by section 64 of the Rules of this court, which, although they refer to the case where the settlement of a bill of exceptions or a statement of the case is refused they should be equally applicable, by analogy of reasoning and by virtue of the provisions of section 36 of said code, to the case where, like the one at bar, the amendments to the statement of the case allowed by the court over the objection of the party appellant are not deemed by the latter to be supported by the facts brought out at the trial.

Inasmuch as the petitioner has an adequate, speedy, and effective remedy for the assertion of his right, as the one already mentioned, or any other granted by law, he should seek those remedies and not the writ of *certiorari,* which is of an extraordinary nature and lies only where there is no other ordinary, speedy, and effective remedy.

The issuance of the writ of *certiorari* should, therefore, be denied.

*Petition denied.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.